

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLARENCE BOGAN, III, | ) | CASE NO. 1:08 CV 2073 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| MRS. SMITH, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

Pro se plaintiff Clarence Bogan, III filed the above captioned action under 42 U.S.C. §§ 1983, 1988, and 2000e against Cuyahoga County Jail Corporal Mrs. Smith, SRT Officer Mr. Marsh, and SRT Officer Mr. Emerson. In the complaint, Mr. Bogan alleges that he was denied access to the courts when some of his legal materials were destroyed during a search of his cell. He seeks $ 3,000,000.00 from each defendant.

## Background

Mr. Bogan alleges that Mrs. Smith and Officer Emerson removed him from his cell on May 31, 2008 and conducted a cell security search. He claims that during the search, his legal documents were strewn around his cell. He contends some of them were ripped and others ended up in his toilet. He states that Mrs. Smith refused to allow another officer to videotape the scene.

He alleges he asked to see a supervisor and was told to "shut up." (Compl. at 2.) Mr. Bogan contends that Officer Emerson promised to exercise every opportunity to conduct these searches. He indicates that Officer Marsh conducted a similar search a few days later. He alleges that Officer Marsh crumpled legal exhibits. He asserts that these defendants denied him access to the courts.

Mr. Bogan filed an identical action in this court on July 29, 2008. That case, No. 1:08 CV 1811 was assigned to United States District Judge Solomon Oliver, Jr. Judge Oliver addressed the merits of the case, and issued a Memorandum of Opinion and Order on November 21, 2008 dismissing the case pursuant to 28 U.S.C. § 1915(e).

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will therefore be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Bogan already litigated this matter in Case No. 1:08 CV 1811. He is barred from litigating this matter for a second time.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: 12/22/08

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3